Curia, per Frost, J.
This case was submitted to the jury on the statement and admission of the facts by the parties respectively. The deed under which the devisees of Christopher Fitzsimons claim the contested right of wharfage and dockage, was stated to be an indenture between the said Fitzsimons of the one part, and the City Council of Charleston of the other part; the case was argued as if the deed was an indenture; and it was assumed in the instructions of the Circuit Judge to the jury, that the deed had been executed and delivered by both parties, which was necessary to an indenture. It was accordingly held that when Fitzsimons granted to the City Council a piece of land on the south side of Market-street, and reserved the right of lading and un-lading goods, wares and merchandize on another piece of his land, bounding on Market-street, which he did not giant to the City Council, though the said right of lading and unlad-ing were not parcel of the land granted, yet the reservation by the indenture had, in law, the force and effect of a covenant by the City Council, that Fizsimons' should have and *280 enjoy the easement reserved. This agrees with the law as laid down in ¡Sheppard's Touchstone. All the parts of a deed indented, in judgment of law, do make up but one deed ; and they are esteemed the mutual deeds of either party ; and either may be bound by either pait of the same. And the words of an indenture are the words of either parly. And a||ie¡t (j^y spoken as the words of one party only, yet they are not his words alone, hut may be applied to the other parly, if they more properly belong to him ; for every wotd that is doubtful shall be applied and expounded tobe spoken' by hi it to whom they will best agree, according to the intent of the parlies; and they shall not be, taken more strongly against one, or beneficially for the other, as the words of a deed poll.
The distinction b' tween a reservation by indenture, and by deed poll, was not noticed by the attorneys for the appellants, in the argument in this Court; and the fac.t, that the deed was executed only by Fitzsimons, was only brought to the view of the Court by the attorney.for the appellee, towards the close of his argument. '
Lord Coke says, reserve cometh of the Latin reservo, that is, to provide for store,- as when a man departeth with his laud, he reserveth or provideth a rent for his own livelyhood ; and sometime it hath the force of saving and excepting. So sometime, it served) to reserve a new thing, viz: a rent; and to except part of the thing in esse that is granted., And in another place he says, note a diversity between an exception (which is ever part of the thing granted, and of a thing in esse,) and a reservation, which is always of a thing not in esse, but newly created or reserved out of the laud or tenement demised.
It ha.s been affirmed, for the appellee, that theCifyCounc.il having accepted the deed of Fhzsimons, and taken the land granted, they must take it charged with the reservation contained in the deed. If the right, to lade and unlade goods with the right of wharfage and dockage, claimed as a neces-saty incident, was newly creat d or reserved out of the land granted, then the. City Council, when 'they took the land granted, must have taken it subject to the reservation. For one may grant a thing and retain a part of it, .or a part of those things which pertain to it; and the part which he retains is his, as it always was. If one by indenture or by deed poll grant land, reserving a rent, which is a profit issuing out of the land, or a right of common or of way, which are to be exercised on the land, and the grantee enter, he takes the land subject to the reservation. But it is otherwise if the reservation be not part of the thing granted in esse or crea-tec* out °f 'it. In Butler’s note the distinction is made, that if land is leased to two, and only one puts his seal, but the *281 other agrees to the lease and enters and takes the profits, he shall be charged to pay tie rent, though he has not put his seal ro the deed; but it there is a condition compiised in the' deed which is not parcel ot the lease, but a condition in gross, if he does not put his seal to the deed, though he is a party to the lease, he is not party to the condition. The same principle applies to a reservation of a thing in gross. As if Fitzsimons, when he granted the piece of land, had reserved a rent or right of way out of «mother piece of land, the property of the City Council, or had reserved a negro or other chattel, belonging to the City Council, it seems that the acceptance of Fitzsimons’s grant of the land would not have operated as a grant by the City Council, of the rent or right of way out of another piece of land, which could only he made by deed, or have transferred to Fitzsimons a title to the negro or other chattel.
If Fitzsimons could not claim wharfage and dockage by the reservation in his deed, may he claim it by prescription? It is said in the argument, that he and those claiming under him have enjoyed the easement from the date of the deed to the present time. No evidence was produced at the trial, in support of such prescriptive right. But the claim of the right by prescription, is supported by a plat of Fitzsimous’s land, made in 1807, and produced in evidence by the appellants, in which he reserves the right of wharfage and dock-age on every part of the piece or parcel marked B.
If Fitzsimons and those claiming uudei him cannot maintain the right of dockage and wharfage, by force of the reservation in his deed or by prescription, can the same be maintained as a right common to all persons to use Market-street continued, where flowed by the tide, as part of the public highway — the river? This depends on the effect of the grant to the City Council, by the charter, of the fee simple of the low water lots fronting Market and other streets, and the Act of 1807, which declared Market-street continued to the channel of the river, to be a public street. Has the City Council, as grantee iu fee simple of the low water lot, fronting Market-street, the same proprietary rights with other grantees of low water lots, so that, by erecting piers and reclaiming the land irom the current of the river, they may acquire an exclusive right to the use of the dock thus formed ? And if they had such right before the Act of 1807, declaring that Market-street continued shall be a public street to the channel ot the river, what is the effect of that Act on their proprietary rights as grantees? Is there any distinction between l he City Council and a private person in the right to exercise all acts oí ownership over land vested in them respectively, over which, by law, a street or highway may be established before and until the street be made, or the high- *282 wav be actually demanded and laid out for the public use? Some of these questions, affecting the disputed claim of the owners of Fitzsimons’s vvhaif, to wharfage and dockage in Market-street continued, have either not been noticed m the argument, or have been insufficiently argued. It is proper that the case should be re-argued ; and it is not, therefore, the intention of the Court to decide, in this opinion, any of the questions which have been suggested as affecting the decision of the case. There will be as long delay by an order for re-argument, as by an order for a new trial. The Court will adopt the latter course, because the case is not submitted merely to decide the right of the plaintiff to recover damages for the trespass of the defendants ; but to determine a claim to the use of Market-street dock, which is very important to the corporators of Charleston, and to the public at large.— The parties will be more fully prepared at a second trial to make and maintain all the points which may be important to their respective claims; and the case will have a more deliberate consideration, which is due to the public interest in the subject oí the suit.
The motion is granted.
O’Neall, Evans and Wardlaw, JJ. concurred.

Motion granted.